**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICHARD SELLERS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. 23-CV-2903-SMY** |
| | ) |
| **WARDEN SPROUL,** | ) |
| | ) |
| **Respondent.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**YANDLE, District Judge:**

Petitioner Richard Sellers filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the decision of the Bureau of Prisons ("BOP") to place him on a medical hold and void a proposed transfer to a halfway house (Doc. 1).  He alleges his hernia presents life-threatening and urgent issues that the BOP has not properly addressed and that he has early-stage prostate cancer that should be treated outside of the BOP system.  For the following reasons, the Petition is **DISMISSED** without prejudice.

<u>**Factual and Procedural Background**</u>

In 2018, Sellers pleaded guilty to conspiracy to distribute methamphetamine, and distribution of methamphetamine.  *United States of America v. Richard Sellers*, 18-cr-40014-JPG (Doc. 56) (S.D. Ill. Nov. 19, 2018).  He was sentenced to 168 months in prison, later reduced to 114 months.  *United States of America v. Richard Sellers*, 18-cr-40014-JPG (Doc. 84) (S.D. Ill. Dec. 15, 2021).  According to the BOP inmate locator, he is currently serving his sentence at USP-Marion, with a projected release date of February 24, 2025.

As Sellers details in his Petition, the BOP had scheduled him to transfer to a residential reentry center on August 9, 2023.  However, on August 1, 2023, the BOP informed Sellers that

they had placed a medical hold and that he would not be released to the halfway house as scheduled. Instead, the BOP had scheduled him for more medical testing of his hernia or prostate. Sellers alleges that he has early-stage cancer of his prostate. He claims the BOP has proven incompetent at treating his medical issues, and therefore, his continued incarceration is potentially life-threatening. He states that he has private medical insurance and can go to the VA Hospital once released.

## Discussion

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including actions filed pursuant to 28 U.S.C. § 2241.

Here, Sellers asserts that the BOP is not properly treating his medical conditions and he has medical insurance and doctors at the VA Hospital who can properly and timely treat him once he is released. He requests that the Court grant him habeas relief and order the BOP to immediately release him to the halfway house as originally scheduled.

While the Court does not take Sellers' allegations regarding his health conditions lightly, it is not apparent from the Petition and the e-mails that Sellers exchanged with BOP personnel (Doc. 1, pp. 15-17) that Sellers has exhausted his administrative remedies. *Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir. 1986) (when BOP determinations are involved, federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). Specifically, Sellers makes no showing that the e-mails serve to exhaust his administrative

remedies.  See *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).  As such, the Court cannot rule on the substance of Sellers' habeas petition at this time.

However, the Court notes that the BOP retains the exclusive discretionary authority to release a defendant to home confinement or to transfer him or her to a residential reentry center. See 18 U.S.C. §§ 3621(b), 3624(c)(2); see also, *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment . . . .").  Therefore, courts must generally defer to such decisions.  *Taylor v. Lariva,* 638 F. App'x 539, 541 (7th Cir. 2016) (court reviews BOP's prison placement decisions for abuse of discretion); see also, *Perry v. Krueger*, 2015 WL 6500915, at *3 (C.D. Ill. Oct. 27, 2015) (noting that it is not the role of the court to conduct an independent review of the BOP's decisions regarding a prisoner's placement in a half-way house).  Nevertheless, in the interests of justice, the Court will allow Sellers one opportunity to amend his Petition to demonstrate exhaustion of remedies.

Finally, to the extent Sellers complains about the medical treatment he is receiving, a habeas petition is not a proper vehicle to assert a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment.  Such a claim is properly raised in an action under 42 U.S.C. § 1983.  *Glaus v. Anderson,* 408 F.3d 382, 387 (7th Cir. 2005).

<u>Disposition</u>

Petitioner Richard Sellers' 28 U.S.C. § 2241 Petition is **DISMISSED** without prejudice. If Sellers wishes to pursue this habeas action further, he must file an Amended Petition setting forth the facts and law that support his request for relief within 30 days of the entry of this Order. Petitioner is **WARNED** that failure to comply with this Order will result in the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

The filing should be labeled Amended Petition for Writ of Habeas Corpus and list case number **23-CV-2903-SMY** on the first page. An Amended Petition supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). For this reason, the Amended Petition must stand on its own without reference to the original Petition.  To assist Petitioner in complying with this Order, the Clerk of Court is **DIRECTED** to provide him with a blank form for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Finally, Petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this directive will cause a delay in the transmission of court documents and may result in the dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 10, 2023**

**STACI M. YANDLE**
**United States District Judge**